UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Jennifer Richard,<br><br>       Plaintiff,<br><br>versus<br><br>CIT Group, et al.,<br><br>       Defendants. | §<br>§<br>§<br>§<br>§    Civil Action H-12-848<br>§<br>§<br>§<br>§ |

## Opinion on Summary Judgment

1. *Introduction.*

    A homeowner claims none of the lenders and servicers has standing to foreclose on her home. She is incorrect.

2. *Background.*

    In January of 2006, Jennifer Richard mortgaged her home through CIT Group Consumer Finance. At the beginning of 2010, Richard stopped paying her mortgage. Consumer Finance endorsed her note to CitiMortgage, and then it endorsed it to MTGLQ Investors – the current holder of the note – with Litton Loan Servicing as the servicer. In February of 2011, the Mortgage Electronic Registration System assigned the deed of trust to MTGLQ.

    On June 15, 2011, MTGLQ instituted a non-judicial foreclosure. On June 30, Richard sued asserting no one had standing to foreclose on her house. All of the defendants moved for summary judgment. Richard insists that she is confused about the identity of the holder; she has never received overlapping or conflicting mortgage bills.

3. *Standing to Foreclose.*

    Richard's complaint is structured by listing the reasons the various defendants have no standing to foreclose on her home. The allonge to the note shows Consumer Finance endorsed

it to CitiMortgage, which endorsed it to MTGLQ. Only MTGLQ – the rightful holder of the note – has started to foreclose. MTGLQ has standing to foreclose.

4.   *Foreclosure and Quiet Title.*

Richard's home has not been foreclosed. She is missing the foreclosure that is a predicate to its being wrongful. That claim fails.

To quiet title, Richard has to have a superior claim to the property than the trustee and, derivatively, the holder. She has no fact to support that her title is higher in priority than the holder. The titles that she is attacking are those very ones that she granted in her deed of trust. Even if her home had been foreclosed and if she at least had alleged superior title, MTGLQ is the holder of her note, holding the unpaid note secured by the lien Richard granted.

5.   *Debt Collection.*

Richard alludes to violations of the Fair Debt Collection Practices Act and the Texas Deceptive Trade Practices Act. The basis for this appears to rest solely on the fact that MTGLQ's beginning to foreclose and nothing more. She has neither pleaded nor, in two long hearings, articulated facts to support the elements of a violation of either of these acts.

Richard also takes offense to Litton's having included coupons for late loan payments with its servicing letter. She imagines that this was Litton's attempt to confuse her into believing it was an innocent purchaser and not a debt collector. Richard neglected to indicate from what Litton needed to be "innocent." In the letter, Litton wrote: "Litton Loan Servicing is a debt collector," absolutely clarifying its status.

6.   *Section 192.007.*

The crux of Richard's claims against Consumer Finance relates to the Local Government Code section 192.007. It requires that anyone who had filed an instrument to also record changes to it in a new document rather than alter the original document already in the county's records. She also charges MTGLQ, Litton, and the registration system with violating 192.007.

Richard relies heavily on *Dallas County v. Merscorp Inc.*[1] That is an undecided case in the northern district of Texas whose plaintiffs – county clerks across Texas – have accomplished nothing but partially surviving a motion to dismiss; no judgment has been entered. In addition, that case was brought by a class of government entities about recording fees. This case was brought by a homeowner complaining of a clouded title and foreclosure.

Assuming a violation of 192.007 in assigning the deed-of-trust lien, Richard has no standing to complain. She was not a party to the assignment, nor was she injured by the assignment or a lack of recordation. Her only conceivable potential injury is the foreclosure, and that would result only from the mortgage she signed and bills she did not pay.

The parties to a land transaction are not obliged to record anything. If they chose not to record the instruments, they will lose protections from later claimants against the grantor and similar disadvantages. A recording is not essential between the parties, and recording late is not required between them. While it is customary and prudent to record land-title documents – deeds, liens, mineral leases – promissory notes are not. Notes are transferred by endorsement not by a deed.

The power to foreclose does not arise from the public record, it arises from holding the note.[2] MTGLQ currently holds the note and rightfully began to foreclose.

7. *Fraud.*

Elizabeth Willard signed the assignment of the deed-of-trust lien as an officer of the registration system. Richard fancies that Willard could not have been an officer of the registration system because she was an employee of Litton. This conflict, she insists, is a fraud that makes the assignment void, voiding the potential for foreclosure.

A person may hold two positions at once. A lawyer may be a partner is his firm, an adjunct professor, and a director of a bank. Even if Willard lied intentionally about her employment, Richard did not rely on that statement, nor did her false statuses injure Richard.

---

[1] No. 11-cv-02733 (N.D. Tex.).

[2] *J.W.D., Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329 (Tex. 1991).

8.  *CIT Group, Citigroup, CitiMortgage, & CitiFinancial.*

The only assertion against CitiMortgage and CitiFinancial is that they completed tax forms for the loan but could not have been servicers of it.

Citigroup is named simply as the parent company of CitiMortgage and CitiFinancial.

CIT Group has not been served nor appeared. It is the parent company that sold CIT Consumer Finance.

Richard claims that their filing tax forms about her loan without complying with requirements of notice in the Real Estate Settlement Procedures Act has clouded her title. Richard has not sought specified relief under that act. It applied to the closing of the sale in the first week of 2006. Four years after the closing her claims under that law or arising from the closing generally were barred – January of 2010. She sued in mid-2011.

Tax returns are not clouds on land titles, even when they are by a subcontractor of a mortgagee.

Citigroup and CIT Group have no connection to the events in this lawsuit. The only cloud on Richard's title is the lien from the mortgage that she signed. The tax forms have had no effect on Richard's title.

9.  *Mortgage Electronic Registration System.*

Richard describes abstractly a number of criminal acts she has heard that the registration system has committed, yet she makes no actual claims against it. A cosmic sense of injustice does not create a cause of action.

The Mortgage Registration System is a private tool of the house financing business. It holds as a trustee title to mortgages. This allows them to be traded with efficiency, lowering the cost of borrowing. People who borrow money to buy a house by issuing a negotiable note cannot rationally object to its being negotiated or to the holders devising an effective process for documenting them.

10. *Richard's Report.*

Consistent with her garbled complaint, Richard has submitted a report from an advocate. David Krieger of Bastrop identifies his qualification only as being a paralegal with DK Consultants, LLC In the legal profession, paralegals make lawyers far more effective than they otherwise would be, lowering the cost to the clients and courts. Some paralegals may well have

knowledge that would allow them to testify by opinion about some subjects. In his affidavit, Krieger shows that he is not one of those.

Krieger is not an expert – nor technician, nor craftsman, nor paralegal. He is a deluded advocate whose home was foreclosed by Litton. He swears to 43 pages of corporate registrations copied from his computer screen, the history of a notary's commission, an "analysis" of the lis pendens improperly filed by Richard's lawyer Samuel Judge Brown, a series of cases from random courts with no indication of the facts or holdings, and many other lost trails of gossip and imagination. He misunderstands the law; for example, Krieger cites a case to support that the note was a nullity. It says the opposite: an assignment of a note is also an assignment of the mortgage.[3]

Obviously, Richard herself appreciates none of this. She has trusted her lawyer. That he would file a lis pendens, persist in other factless positions, and offer Krieger shows a profound lack of essential knowledge for a lawyer or worse. He sued in June of 2011 and twice amended it to avoid dismissal. The last amendment triggered removal because he pleaded a claim under federal law, claiming exact damages for its violation.

11. *Conclusion.*

Jennifer Richard will take nothing from the defendants.

Signed on July 21, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[3] *Carpenter v. Longan*, 83 U.S. 271, 275 (1873).